JOHN MEADE AND ELEANOR MEADE, PLAINTIFFS-RESPONDENTS, v. KINGS SUPERMARKET-ORANGE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 21, 1975—Decided November 20, 1975.

Before Judges Lynch, Ackerman and Larner.

*Mr. Herbert C. Klein* argued for appellant (*Messrs. Krieger & Klein,* attorneys).

*Mr. D. F. Moore Craig* argued for respondents (*Messrs. Bracken and Craig,* attorneys).

PER CURIAM. Plaintiff Eleanor Meade was injured when she was struck by a line of shopping carts and propelled through a plate glass window as she and her husband were leaving the premises of defendant's store. Her husband was struck by falling glass as he reached through the window to assist his wife. The case was tried to a jury, which returned verdicts in favor of plaintiffs, and judgments were entered pursuant thereto. Defendant appeals.

Plaintiff John Meade testified that he and his wife had been shopping in defendant's store in Orange. They exited through an automatic door. Mrs. Meade had taken three or four steps when a group of shopping carts stacked together came down a ramp to her left and struck her, causing the injuries of which she complained. During Mr. Meade's testimony the following colloquy took place:

Q. Did you see anybody with those carts?
A. Yes, it was all a flash, but there was a young boy. I think he was probably riding on the carts as they came down the ramp and I heard him give a whoop or a little cry. He was having fun.

And at depositions he described the incident in this way:

Q. Now, tell us exactly what happened.
A. My wife and I each had a bundle in our arms. She was preceding me out of the automatic door. She stepped on it. It opened. As she stepped forward three or four steps, these carts came down and just at the precise moment, this little boy, he was swinging along with them, yelling and laughing. *He gave them a little turn to his right, which drove them directly into my wife* and knocked her through the plate glass window and knocked her into the sidewalk. [Emphasis supplied]

On appeal defendant contends that the trial judge erroneously denied its motion for involuntary dismissal since plaintiffs had failed to prove negligence on its part which was a proximate cause of the accident.

In *Znoski v. Shop-Rite Supermarkets, Inc.*, 122 *N. J. Super.* 243 (App. Div. 1973), plaintiff was injured when an unknown youth hit him with one of Shop-Rite's carts. The trial court submitted the case to the jury, which returned a verdict in favor of plaintiff. In reversing, the Appellate Division stated:

We are unable to say that a substantial risk of injury is implicit, or inherent, in the furnishing of shopping carts to patrons by a store proprietor. Shopping carts are not dangerous instrumentalities, and they are uniquely suitable for the purpose for which furnished. Shop-Rite was under a legal duty of exercising ordinary care to furnish a reasonably safe place and safe equipment for its patrons consistent with its operation and the scope of its invitation. It is not an insurer for the safety of its patrons. The issue is not merely whether it was foreseeable that persons, or other third parties, would negligently or intentionally misuse shopping carts, but whether a duty exists to take measures to guard against such happenings.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

Every human activity involves some risk of harm, but the reasonable probability of having other than a minor accident from the use of carts in Shop-Rite's operation does not give rise to a duty to take measures against it. See 2 *Harper and James, The Law of Torts*, § 16.9 (1956). So viewed, we find that plaintiff has failed to carry the burden of showing a breach of duty on Shop-Rite's part in furnishing its patrons with carts under the circumstances here existing. In fact, it is difficult to visualize how an incident such as here involved could have been prevented even if reasonable precautions had been taken. By submitting this issue to the jury, the court permitted Shop-Rite's responsibility to be decided on the basis of speculation and conjecture. [at 247–248]

Plaintiffs contend that their case is distinguishable from *Znoski* because they produced an expert witness who testified that there was improper construction of the area where the instant accident occurred and that such construction rendered the premises unsafe for the use of shopping carts.

Plaintiffs' expert testified that the design and construction were improper in four respects: (1) the ramp was too steep and created a hazard when used for shopping carts; (2) the presence of the solid wall to the left of the patrons as they exited from the premises created a hazard because a person leaving the store could not see if carts were coming down the

ramp; (3) the placement of the plate glass window and its construction of plate glass rather than tempered glass was dangerous, and (4) considering all these circumstances there should have been some form of cautionary warning as to the hazard which the expert found to exist.

The mere presence of negligence does not establish liability unless that negligence is causally related to the injuries complained of. There must be a relationship of proximate cause between the negligence and those injuries. *Germann v. Matriss*, 55 *N. J.* 193, 205 (1970).

The fact that an expert mouths an opinion of causal relationship does not make it so. On cross-examination plaintiffs' expert testified that his opinion was based upon an assumption that the carts started rolling at the top of the ramp. This assumption was not supported by the evidence. It is indisputable that the carts did not, of their own power or momentum, come rolling down the ramp. Meade admitted that a young boy was swinging along with the carts yelling and laughing, and that he "gave them a little turn to his right, which drove them directly into my wife and knocked her through the plate glass window and knocked her into the sidewalk."

We conclude that the only proximate cause of the injuries suffered by plaintiffs was the action of the boy. The testimony of plaintiffs' expert did not supply sufficient evidence to submit to the jury the question of the causal relationship between the alleged defective construction and plaintiffs' injuries. The judgment in favor of plaintiffs is therefore reversed, and judgment is entered in favor of defendant.